STATE ex rel MORDICK, Plaintiff, v. SOULE, Police Justice of Peace of Rapid City, Defendant.

(207 N. W. 222.)

(File No. 5602.   Opinion filed February 16, 1926.)

1.  Criminal Law—Preliminary Hearing—Order Holding Defendant to answer in County Instead of Circuit Court Erroneous.

Under Rev. Code 1919, Sec. 4582, defendant held to answer any offense shall be held to answer in the circuit court of proper county, and order of justice holding defendant to appear and answer charge in county court is erroneous, notwithstanding sections 4452, 4453.

2.  Criminal Law—Information—Intoxicating Liquors—State's Attorney Bound to File Information in Circuit Court After Justice of the Peace Has Indorsed Order of Sufficient Cause to Hold Defendant on Preliminary Information.

Under Rev. Code 1919, Sec. 4581, justice of the peace after hearing on preliminary information must attach an order that there is sufficient cause to believe defendant guilty, and thereafter state's attorney is bound by the statute to file information in the circuit court of proper county.

3.  Bail—Waiver—Certiorari—Provision in Bond for Appearing in Either Circuit or County Court Is Not Waiver of Right to Trial in Circuit Court, Nor Can Waiver of Express Provision of Statute Be Made.

Provision in bond that defendant will answer charge in either circuit or county court does not amount to waiver of right to be bound over to circuit court, and in any event defendant could not waive the duty imposed on either justice or state's attorney by express provision of statute for trial in circuit court.

Dillon, J., dissenting.

Certiorari by the State of South Dakota, on the relation of Lester A. Mordick, to Ward Soule, as Police Justice of the Peace of Rapid City, Pennington County, to review an order holding petitioner to answer a charge before the County Court of Pennington County.   Order in part resersed with directions.

*H..F. Fellows,* of Rapid City, for Plaintiff.

*A. R. Denu,* State's Attorney, of Rapid City, and *Buell F. Jones,* Attorney General, for Defendant.

SHERWOOD, J.   On February 14, 1924, Lester A. Mordick was brought before Ward Soule, a police justice of Rapid City,

S. D., charged wih the unlawful possession of intoxicating liquor. Hearing was continued to February 19, and Mordick released on a continuing bond in the sum of $900 for his appearance at all subsequent stages of said proceeding. On February 19, Mordick was held to answer said charge before the county court of Penington county.

The bond given by Mordick contained the following clause:

"Now, therefore, we do hereby agree that the said Lester A. Mordick will appear for preliminary hearing on said charge before said justice of the peace and in the event of being held to answer in the circuit or county court on said charge that he will appear for trial and if convicted for sentence and judgment and will render himself amenable to all orders of the court."

Mordick by his attorney duly objected and excepted to the action and order of said justice in holding him (Mordick) to answer in said county court, and at said time demanded and requested that he be held to answer said charge in the circuit court of Pennington county, S. D.

It is conceded that since 1890 the county court had and now has concurrent jurisdiction with the circuit court over misdemeanors in Pennington county. The sole question presented by this record is: Did the committing magistrate exceed his jurisdiction in holding Mordick to answer to and appear for trial in the county court of Pennington county instead of in the circuit court of Pennington county?

Section 4582, R. C. 1919, so far as it is applicable, is as follows:

"Whenever any defendant is held to answer any offense, as provided in the preceding section, by any magistrate other than a judge of the county or municipal court, he shall be held to answer the same in the circuit court of the proper county."

It is the contention of defendants that this section should be read in connection with section 4452, which confers original and appellate jurisdiction on county courts, in each county having a population of 10,000 or over, in all cases of misdemeanor committed or triable within the county, and section 4453, which provides as follows:

"Prosecutions, in the courts mentioned in the preceding section, of cases triable by a justice's court as defined in section

4414, shall· be upon complaint; all other prosecutions of which such courts have jurisdiction shall be prosecuted therein upon information after a preliminary examination, and, except as otherwise specially provided, shall be governed by the provisions of this title relating to criminal prosecutions in the circuit court."

It is the argument of counsel that unless justices of the peace may hold persons charged with crime for trial in county courts, no cases of misdemeanor can be tried therein, where a preliminary examination must precede such trial; except where the preliminary examination is had before the county judge himself and trial afterward had in his court, and that in such cases the judge who bound a defendant over for trial might be disqualified to afterward sit as judge in the trial of the case.

[1] This argument might appeal to a legislative body for an amendment to increase the officiency of county courts, but it presents no legal ground for us to hold section 4582 has been in any way modified or repealed. It is still the clear mandate of the law, "that whenever any defendant is held to answer any offense * * * he shall be held to answer the same in the circuit court of the proper county," and must be followed by this court.

[2] Defendant's second contention: That the only indorsement required to be made by the justice on the information is that sufficient cause exists for holding the defendant to answer the charge; that even this is not jurisdictional, and when such an indorsement is made the state's attorney may file his information in any court having jurisdiction of the offense—is fully answered by the statute which provides: The magistrate must indorse on or attach to the preliminary information an order signed by him to the following effect:

"It appearing to me that the offense in the within information mentioned (or any other offense, according to the fact, stating generally the nature thereof) has been committed, and that there is sufficient cause to believe the within named A. B. guilty thereof, I order that he be held to answer the same." Section 4581, R. C. 1919.

When this indorsement is made, the defendant is held to answer in the circuit court of the proper county, section 4582, R. C., 1919, and we think the state's attorney would be bound by the statute to file his information in the court named in the law.

[3] Defendant's last contention is that Mordick waived his right to be bound over to the circuit court by the clause in the bond above set forth, in which he argeed to appear in event he was held to answer "in the circuit or county court." We do not think this provision in the bond amounts to either a stipulation or a waiver on Mordick's part. But in any event Mordick could not waive a duty imposed on either the justice or state's attorney; much less could he waive an express provision of statute as to the court which should have jurisdiction to try his cause.

We think the justice exceeded his jurisdiction in making that part of his order holding Mordick to appear and answer said charge in the county court of Pennington county, and that part of said order is reversed, and we direct said justice to order defendant to appear and answer said charge in the circuit court of Pennington county.

CAMPBELL, J., concurs specially.

DILLON, J., dissents.

CAMPBELL, J. (concurring specially). Section 4453, Rev. Code, 1919, provides for criminal procedure in county court, and with reference to criminal cases within the county court jurisdiction, and not triable by a justice, provides that the same shall be "prosecuted therein upon information after preliminary examination."

Sections 4456, 4463, and 4582, Rev. Code, 1919, read respectively as follows:

Section 4456: "*Committing Magistrate.*—In all counties the judge of the county court shall have the powers of a committing magistrate and may order the defendant to answer in any court having jurisdiction of the offense charged."

Section 4463. *Committing Magistrate.*—The judge of the municipal could shall have the powers of a committing magistrate and may order the defendant to answer in any court having jurisdiction of the offense charged."

Section 4582. "*Return Upon Preliminary Examination.*—Whenever any defendant is held to answer any offense, as provided in he preceding section, by any magistrate other than a judge of the county or municipal court, he shall be held to answer the same in the circuit court of the proper county, * * *"

These sections were all enacted at the same time as part of the Revised Code of 1919, and have continued unchanged, except that by chapter 154, Laws 1919, section 4456, was amended by adding the following words: "And may hold preliminary examinations in any part of the county." Construing these sections together, I am of the opinion that no committing magistrate excepting a judge of a county court or a judge of a municipal court, so acting, has authority to hold a defendant to answer in any other than the circuit court, and therefore that the defendant herein exceeded his authority.

Note.—Reported in 207 N. W. 222. See, Headnote (1), American Key-Numbered Digest, Criminal law, Key-No. 240, 16 C. J. Sec. 599; (2) Criminal law, Key-No. 260(13), Indictments and informations, 31 C. J. Sec. 134; (3) Bail, Key-No. 59, Criminal law, 16 C. J. Sec. 612.